IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 3 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SCOTT EUGENE BEEMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. B-08-449 |
| | § | |
| MICHAEL MUKASEY, Attorney General, | § | |
| US. DEP'T OF JUSTICE, US. DEP'T OF | § | |
| HOMELAND SEC., US. DEP'T OF | § | |
| LABOR, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER & OPINION

BE IT REMEMBERED that on December 30, 2008, the Court **DENIED** Plaintiff Scott Eugene Beemer's Emergency Motion for Reconsideration of Court's Order Denying Cease and Desist (Preliminary Injunction), Dkt. No. 14.

Plaintiff Scott Eugene Beemer, filing pro se, seeks an injunction. *See* Dkt. Nos. 2, 14. To be entitled to injunctive relief, the individual seeking relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. Sugar Busters LLC v. Brennan, 177 F.3d 258 (5th Cir. 1999). Plaintiff must prove all four elements in order to prevent the denial of the motion. Sanchez v. Federal Bureau of Prisons, 2005 WL 3555465, at *1 (N.D. Tex. 2005).

Plaintiff requests injunctive relief from the collection of alleged overpayments made to him by the Office of Worker's Compensation Programs, ("OWCP"). Dkt. No. 2. Plaintiff alleges that he "has endured extreme financial hardship with the current economic times due to the OWCP payroll deductions and the past and present credit reporting issues." Dkt. No. 2, at 2. Defendants have not yet been served and have not answered the Complaint or the instant motion.

1

On August 20, 2000, Plaintiff suffered a severe lower back injury in the line-of-duty in New York. Dkt. No. 1, at 1. From August 2000 until June 2001, Plaintiff struggled to receive financial assistance from the government. *Id.* at 2-3. On January 14, 2002, OWCP cancelled Plaintiff's benefits. *Id.* at 3. On June 26, 2002, OWCP reinstated Plaintiff's benefits. *Id.* at 3-4. The assistance continued until May 14, 2005. *Id.* at 4. In the Complaint, Plaintiff seems to contest that the benefits were reinstated in June 2002 and that they continued until 2005. *Id.* On February 23, 2007, OWCP notified Plaintiff that it had overpaid him. *Id.*

Plaintiff states that OWCP, in an attempt to collect the overpayments, has within the last four months charged eight thousand five hundred and forty-nine dollars and forty-two cents ($8549.42) to Plaintiff's government credit card. Dkt. No. 14, at 2. Plaintiff explains that these charges have caused his government card account to be past due, which could subject him to disciplinary action by his employer if he fails to meet the financial obligations of his government card. *Id.* at 3; Dkt. No. 14, Ex. 2. Plaintiff asserts that the actions taken by OWCP will jeopardize Plaintiff's employment record and his opportunity for promotions. Dkt. No. 14, at 3.

The Federal Employees' Compensation Act provides that where OWCP overpays a beneficiary because of an error of fact or law, the government may recover the amount overpaid. 5 U.S.C. § 8129. However, "recovery by the United States may not be made when incorrect payment has been made to an individual who is without fault and when . . . recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 5 U.S.C. § 8129(b). The applicable regulation provides the OWCP discretion in how it seeks to recover the overpayment. 20 C.F.R. § 10.441(b).

> When an overpayment has been made to an individual who is not entitled to further payments, the individual shall refund to OWCP the amount of the overpayment as soon as the error is discovered or his or her attention is called to same. The overpayment is subject to the provisions of the Federal Claims Collection Act of 1966 (as amended) and may be reported to the Internal Revenue Service as income. If the individual fails to make such refund, OWCP may recover the same through any means, including offset of salary, annuity benefits, or other Federal payments, including tax refunds as authorized by the Tax Refund Offset Program, or referral of the debt to a collection agency or to the Department of Justice.

*Id.* Section 8129 does not provide the government with final authority regarding overpayment determinations nor does it bar judicial review of such decisions. *See* U.S. v. Sforza, No. 00-1307, 2000 WL 1818686, at *3 (S.D.N.Y. December 12, 2000); U.S. v. Vetti, 681 F. Supp. 986, 991 (D. Conn. 1988).

However, Plaintiff's motion does not provide sufficient statements of facts or law that would demonstrate that Plaintiff would likely succeed on the merits. The Court finds that he has not met the elements for a preliminary injunction. Moreover, as Defendants have not been served they have not had an opportunity to respond to the motion.

Therefore, the Court **DENIES** Plaintiff Scott Eugene Beemer's Emergency Motion for Reconsideration of Court's Order Denying Cease and Desist (Preliminary Injunction), Dkt. No. 14.

DONE at Brownsville, Texas, on December 30, 2008.

Hilda G. Tagle
United States District Judge